**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kali Jacobs, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| National Credit Systems, Inc., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

# PARTIES

4. Plaintiff, Kali Jacobs ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Mesa.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, National Credit Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

# FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including Defendant's collection agent, Vernon Jones, on or about June 29, 2010, insisting to Plaintiff that she must return his call during each of the Plaintiffs work breaks that day or be subject to further collection action including being sued on the alleged debt (§ 1692c(a)(1)).

12.     Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendant's collection agents, Vernon Jones and his alleged supervisor threatening Plaintiff on or about July 6, 2010, that she would be sued and unilaterally garnished (without the benefit of a court judgment) if she did not immediately agree to one of three repayment arrangements proposed by Defendant.

13.     Defendant's did this during a conference call with Plaintiffs alleged co-debtor where Defendant was confronted with its unequivocal statement that Plaintiff would be sued and responded "Hey.  If you want to take that as a threat, then fine.  I'm not the one who owes the debt." (§ 1692e(5)).

14.     Defendant  falsely represented or implied hat Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including Defendant's collector, Vernon Jones, discouraging Plaintiff from contacting her alleged co-debtor on or about June 29, 2010, by stating "In order to better your life, you have to pay off this debt alone. It will be a waste of time to call your former friend, Krista, as she sounds very unreliable." (§ 1692e(7)).

Complaint - 3

15. Defendant made representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a), including Defendant stating to Plaintiff on July 6, 2010, that she would be sued by Defendant if she would not commit to a repayment arrangement by July 9, 2010, which was within the initial thirty (30) day period within which Plaintiff was entitled to dispute the debt and to seek verification of same (§ 1692g(b)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 13th day of August, 2010

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff